Milligan, J.,
delivered the opinion of the Court.
*402 In 1857, Thomas J. Connell died, in Dyer County, leaving the complainant, his widow, and two daughters, surviving him. Some short time before his death, he made and published a nuncupative Will, by which he assumed to dispose of a considerable quantity of his real and personal estate. The Will was reduced to writing, proven, and admitted to record, according to the forms of law; and the defendants, as his executors, were duly qualified as such, and assumed the execution of the trusts imposed by the Will.
Sometime after the qualification of the executors, they filed their bill in the Chancery Court at Dyers-burg, for a construction of the Will, and to have the duties of the executors and rights of the devisees declared and executed under it.
The complainant and other parties in interest, were made parties defendants; and on the 25th of January, 1860, the Chancellor pronounced a decree settling the rights of the parties under the nuncupation, and declaring that the complainant, as the widow of the testator, was entitled to one-third in value of the slaves on hand at the time they should be divided, and their hire from the death of the testator up to the time of division.
The decree further directs an account, with the view of winding up a partnership previously existing between the testator and A. Gr. Furgason, surviving partner of the firm of Connell & Furgason, and a general inquiry into the assets and liabilities of the estate. From this decree an appeal was prosecuted to this Court; which, *403 as it seems, was confirmed, and the cause remanded for further proceedings.
The account ordered at the January Term, 1860, was taken, in which it appears the executors had exhausted the personal estate in the payment of debts, leaving a considerable liability still outstanding against the estate, to pay which a portion of the slaves remaining, after assigning to the complainant one-third of the whole in value, and to other legatees such of the slaves as were specially devised, were sold, and the remainder divided as directed by the Will.
The report of sale was confirmed without exceptions; and so far as we can see from this imperfect record, the funds derived from the sale, applied by the executors to the payment of the debts of the estate.
But it does not appear in this record that the hire of the slaves, declared by the decree of the Chancellor and confirmed by this Court, to belong to the complainant, was at any time included in the Master’s account, as a charge against the estate. And this bill is now brought as an original bill, or rather, a bill in the nature of an original bill, against the executors, for an account of the value of the hire of the slaves willed to the complainant, from the death of the testator, on the 1st of February, 1857, to the 25th of January, 1860, the time of this division.
The defendants appeared and put in a general demurrer, which was overruled by the Chancellor, with leave to plead or answer. Thereupon, the defendants filed their answer, incorporating in it the matter ' of a plea of former suit depending for and about the same *404 matter involved in the present snit. Proof was taken, and the cause proceeded in, as upon the answer of the defendants; and an interlocutory decree made, directing an account of the hire of the slaves, which was made and confirmed without exceptions; and a decree pronounced against the defendants in their individual capacity, for $8,541.26.
To the rendition of this decree against the executors, in their individual capacity, the defendants took exceptions; and at the same term, presented their petition for re-hearing, which was allowed by the Chancellor, and the decree set aside. On the re-hearing, the Chancellor adhered to his former decree; from which the defendants have appealed in error, to this Court.
Several questions have been insisted on in argument, among which is the plea of former suit depending, incorporated and relied on in the answer. The effect of this plea presents a parliamentary question, which stands at the threshhold of this investigation.
According to the strict rules of Chancery practice -the matter of the plea in question, if allowable in this case, ought properly to have been presented in a regular and formal plea of former suit depending on equity, .but our Courts, for many years, have tolerated a more liberal practice. And the Code, sec. 4318, expressly declares that the defendant may incorporate all matters of defense in his answer, and is not required .to plead especially in any case, except to the jurisdiction of the Courts. This section, however, has been held not to include matter in abatement, which must, as heretofore, be pleaded specially: Kendrick vs. Davis, 3 Cold., 534.
*405 But the plea in question is, perhaps, neither strictly matter in abatement, or in bar, although generally classed among the latter: Story Eq. Pleadings, Redfield’s Ed., sec. 735, note 2. It is in fact, a “plea to the bill,” and in one sense, a plea in bar, because if true, it puts an end to the particular suit in which it is placed; but in other particulars not necessary now to be noticed, it is very unlike a plea in bar. But, whatever its distinctive character may be, we apprehend the matter of a former suit depending under our practice may be incorporated in the answer, without the necessity of pleading it specially as matter in abatement. But, when such special matter is incorporated in the answer, and the answer is in respect to such matter allowed to stand as a plea merely, all the certainty required in such a plea, must be contained in the answer: High vs. Battle, 10 Yer., 335.
But this case does not present such a case as a plea of former suit depending on a Court of Equity will hold. One of the objects of this character of pleas is, to avoid the vexation of two suits for the same subject matter. Such is not the case presented by this record. This is a bill by one of the defendants in the former suit, not to have the Will of the testator construed, or the duties of the executors, or rights of the devisees declared, but a bill to carry a decree rendered in the former suit, into execution. No suit heretofore has been brought by the complainant in this bill against the defendants, who were the plaintiffs in the former, for the same or any other matter. And they are, therefore, not twice vexed about the same *406 matter, nor, are the equities in both suits the same. True, the general subject matter of the first bill included the general purposes of the second; and had the executors faithfully discharged their duty in the former, there might have been no necessity for the latter. But they failed to do so, and that failure created an equity in complainant’s favor not existing in the former suit: Story’s Eq. Pleadings, sec. 737, note 3; also, 739.
The right to the hire of the slaves was fixed by the former decree in favor of the complainant; and the executor defendants, with full knowledge of this fact, received and wrongfully applied the proceeds of the hire to other objects ; and without regard to the complainant’s rights under the Will, and also under the decree, proceeded to distribute the whole estate, which was abundantly ample to pay all its liabilities.
The hire of the slaves devised to the complainant was an incident of the bequest itself, and necessarily without a decree of the Court, passed to the complainant devisee. The executor defendants had no authority to apply the fund arising from the hire of the slaves to the payment of the debts of' the estate, or otherwise appropriate them than according to the trusts imposed by the Will. To do so, was mala fides, as well as an utter disregard of the decree of the Court; and in equity, the defendants are clearly liable for the amount of the hire, with interest thereon: Draper et als. vs. James, 9 Hum., 612; Carter vs. Roland, 11 Hum., 333; Lowry vs. McGee, 3 Head, 269.
The fact that the executors allege in their plea and answer, that they did not know the extent of the de *407 cree, can make no difference. It was tbeir duty to know it, and if they failed to inform themselves, and otherwise appropriated the funds than directed in the decree, they are the less excusable.
Other exceptions were taken to the decree of the Chancellor, which we do not deem it necessary to notice, as they are more formal than substantial.
Affirm the decree of the Chancellor.